RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK, ESQ.
JULIE A. CVEK, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                Chapter 11

143 HURON LLC,          Case No. 10-48464-ess

         Debtor.
-------------------------------------------------------------X

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND PROVIDING ADEQUATE PROTECTION THEREFOR PURSUANT TO 11 U.S.C. §§ 361 AND 362

**TO: HONORABLE ELIZABETH S. STONG,
   UNITED STATES BANKRUPTCY JUDGE**

   143 Huron LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), by its proposed attorneys, Rattet, Pasternak & Gordon-Oliver, LLP, files this motion (the "Motion") for entry of an Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362. In support of its Motion, the Debtor respectfully states and represents as follows:

### Jurisdiction

   1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

   2. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363

of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3.      On September 3, 2010, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

4.      The Debtor is a single asset real estate entity that owns and operates a residential building located in the Greenpoint section of Brooklyn with a property address of 143-149 Huron Street, Brooklyn, New York 11222 (the "Property"). The Property was acquired by the Debtor in 2007. Thereafter, between 2007 and 2008 the Debtor constructed a 30 unit building on the Property (the "Building"). The Debtor has since sold nine (9) of the units in the building. Due to the current depressed real estate market, the remaining twenty-one (21) units are not currently for sale but are fully occupied and rented at market value rents. The Property has approximate current fair market value of $6,000,000.00.

## The Pre-Petition Secured Debt

5.      On or about September 20, 2006, the Debtor obtained a (i) first priority secured mortgage in the amount of $1,344,000.00, (ii) a $5,926,000 building loan note, and (iii) $1,030,000.00 projection loan mortgage (collectively, the "Mortgages") from LibertyPointe Bank and United Commercial Bank, which were subsequently and collectively assigned to Valley National Bank and East West Bank ("Valley National Bank" and "East West Bank", collectively, the "Lender").

6. As of the Filing Date, Lender asserts that the Debtor is indebted to Lender in the approximate principal sum of $4,986,198.10.

7. The Debtor agrees and acknowledges that Lender holds a valid, perfected and enforceable first priority blanket lien on and security interest in the Property (the "Pre-Petition Collateral"), which Pre-Petition Collateral secures Lender's claims, pursuant to and in accordance with the Mortgages.

8. The Debtor agrees and acknowledges that Lender has properly perfected its first priority liens and security interests in the Pre-Petition Collateral by virtue of the filing and recording of the Mortgages and that its liens in the Pre-Petition Collateral are duly perfected, valid, existing, and legally enforceable.

9. Further, Lender is likely to assert that all cash equivalents, whether in the form of cash, rents, accounts generated therefrom, security deposits, deposit accounts, or in any other form, whenever acquired, which represent income, proceeds, products, rents, or profits of the Pre-Petition Collateral that are now in the possession, custody or control of the Debtor (or persons in privity with the Debtor), or in which the Debtor will obtain an interest during the pendency of the Chapter 11 Case, are and shall be treated as the "cash collateral" in which Lender has asserted a security interest for the purposes, and within the meaning, of Bankruptcy Code § 363(a) (collectively, the "Cash Collateral") and Lender has first priority perfected liens and security interests in the Cash Collateral pursuant to the applicable provisions of the Mortgages and in accordance with Bankruptcy Code §§ 361, 363(a) and 552(b)

**Relief Requested**

10. The Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B) and 361 and Bankruptcy Rule 4001(b) with respect to the Debtor's request for authority to use

property which may constitute Cash Collateral in which Lender has asserted a security interest in said Cash Collateral, substantially in accordance with the terms and conditions set forth in the proposed Order (the "Order") annexed hereto as **Exhibit "A"**. The Debtor believes that Lender is the only party that may have a perfected security interest in the Debtor's Property which may constitute Cash Collateral.

11. The proposed Order grants the Debtor the authority to use Cash Collateral pursuant to Bankruptcy Code §§363 (c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 case.

12. Section 363(a) of the Bankruptcy Code states as follows:

> "In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title."

13. Section 363(c)(1) of the Bankruptcy Code provides as follows:

> "(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing".

14. Section 363(d) of the Bankruptcy Code provides as follows:

> "(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title".

15. Accordingly, pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of

Lender or authority from this Court is required to use Cash Collateral in which Lender holds a perfected security interests.

## Adequate Protection

16.     The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. <u>In re Swedeland Development Group, Inc.</u>, 16 F.3d 552 (3rd Cir. 1994); <u>In re Dunes Casino Hotel</u>, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), citing <u>In re Coors of the Cumberland</u>, 19 B.R. 313 (Bankr. M.D. Tenn. 1982). See also, <u>In re 495 Central Park Ave. Corp.</u>, 136 B.R. 626 (Bankr. S.D.N.Y. 1992). Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization. <u>In re Nice</u>, 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

17.     Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. <u>MBank Dallas, N.A. v. O'Connor (In re O'Connor)</u>, 808 F.2d 1393 (10th Cir. 1987). <u>In re Snowshoe Co.</u>, 789 F.2d 1085, 1088 (4th Cir. 1086); <u>In re Mosello</u>, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); <u>In re Beker Industries Corp.</u>, 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also <u>In re JKJ Chevrolet, Inc.</u> 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

18.     The Order provides that, as adequate protection for the Debtor's use of Lender's Cash Collateral and in consideration for the use of the Cash Collateral, the Debtor shall grant Lender a replacement lien in all of the Debtor's pre-petition and post-petition assets and proceeds, including the Cash Collateral and the proceeds of the foregoing, to the extent that

Lender had a valid security interest in said pre-petition assets on the Filing Date and in the continuing order of priority that existed as of the Filing Date (the "Replacement Liens").

19. The Replacement Liens shall be subject and subordinate to: (a) fees payable under 28 U.S.C. Section 1930 and 31 U.S.C Section 3717; (b) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code or pursuant to any monthly fee order entered in the Debtor's Chapter 11 case; (c) the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000; and (d) the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 ("Avoidance Actions") of the Bankruptcy Code (collectively, the "Carve-Outs").

20. The Debtor submits that, in order to preserve the Debtor's estate and ensure the viability of the Debtor during the Chapter 11 case, Lender should be granted a replacement lien with the same nature, extent and validity of its pre-petition lien, subject to investigation by any creditors or committee appointed in the Debtor's Chapter 11 case.

21. The Debtor believes that Lender is substantially oversecured in light of the current equity cushion, or value of the Property being well in excess of the debt owed to Lender. Lender is therefore entitled to accrue post-petition interest and reasonable fees pursuant to § 507(b) of the Bankruptcy Code.

22. In addition to the liens and security interests proposed to be granted pursuant hereto, the Debtor shall make adequate protection payments in the form of turnover of the net cash proceeds on a monthly basis after payment of all expenses set forth in the operating budget (the "Budget") annexed hereto as **Exhibit "B"**, which payment are estimated to be $27,500 and payable by the fifteenth (15th) day of each month.

**The Budget**

23.     The Debtor proposes to use Cash Collateral only for ordinary and necessary operating expenses of the Property substantially in accordance with the Budget. The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of operating, managing and maintaining the Property for the period set forth in the Budget. The Debtor believes that the use of Cash Collateral in accordance with the Budget will provide the Debtor with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

**Request For Waiver Of Stay**

24.     The Debtor further seeks a waiver of the stay of the effectiveness of the Order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of Cash Collateral is essential to prevent potentially irreparable damage to the Debtor's operations, value and ability to reorganize. Accordingly, the Debtor submits that sufficient cause exists to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

**Notice**

25.     This Motion is being served on notice to Lender and all other parties asserting secured claims against the Debtor, as well as the United States Trustee and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d), including but not limited to the Debtor's twenty (20) largest unsecured creditors.

**Waiver Of Memorandum Of Law**

26.     The Debtor respectfully requests that the Court dispense with the requirement under Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Eastern District of New

York, of filing a Memorandum of Law in connection with this Motion, in that there are no novel or difficult legal issues presented in the motion and the Motion includes citations to applicable authority.

**WHEREFORE**, the Debtor respectfully requests entry of the Order, together with such other and further relief as is just and proper under the circumstances.

Dated: Harrison, New York
September 3, 2010

> Respectfully submitted,
>
> RATTET, PASTERNAK & GORDON-OLIVER, LLP
> Proposed Attorneys for the Debtor
> 550 Mamaroneck Avenue
> Harrison, New York 10528
> (914) 381-7400
>
> By: */s/ Julie A. Cvek*
>     Julie A. Cvek